Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50113 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Recklein vs. Centegra Health System Plan et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment and motion to strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. Counts I - VI(B) are dismissed without prejudice and Count VII is dismissed with prejudice. Defendants' motion to strike is denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 20 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 01 SEP 20 PM 3:06 | SEP 20 2001 date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Sandra Recklein, has filed an eight-count[1] amended complaint against defendants, Centegra Health System Plan, Centegra Options Plan, Centegra Health System, Horizons Behavioral Health, L.L.C., and Vemuri Professional Services, P.C. (collectively referred to as "defendants"). Counts I - VI(B) allege various violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1133, 1140 ("ERISA"), and the Consolidated Omnibus Budget Reconciliation Act, id. § 1161 ("COBRA"), while Count VII is a state law claim for breach of contract. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1367(a), 1391(b). Before the court is defendants' motion for summary judgment, filed pursuant to Fed. R. Civ. P. 56.

The court first finds Counts I - VI(B) should be dismissed without prejudice so Recklein can exhaust her administrative remedies. The central issue in these ERISA and COBRA claims is Recklein's eligibility to participate in either the Health System or Options Plan. However, Recklein never even filed an application for enrollment, even though both Plans require a person desiring coverage to do so. (Def. Exh. 2, Belluomini Aff., Exh. A, Health System Plan, p. 17 & Exh. B, Options Plan, p. 19) Administrative exhaustion is thus especially appropriate in this case as it will give the Plans a chance in the first instance to decide for themselves whether Recklein was an "Eligible Person." See Gallegos v. Mt. Sinai Med. Ctr., 210 F.3d 803, 807-08 (7th Cir.), cert. denied, 531 U.S. 827 (2000); Lindemann v. Mobil Oil Corp., 79 F.3d 647, 649-50 (7th Cir. 1996). Although an ERISA plaintiff may be excused from pursuing internal administrative remedies for limited reasons, like a lack of meaningful access to review procedures, futility, or estoppel, see Gallegos, 210 F.3d at 808, the court has reviewed Recklein's various attempts to fit her case into these exceptions but finds they are without merit.

Anticipating the court's decision on the exhaustion issue, Recklein requests the court, rather than dismiss her claims outright, to stay the proceedings and remand the claims back to the Plans with directions to waive their time limits for filing claims and appeals. This the court will not do. It is true courts follow this procedure when a defendant-plan fails to substantially comply with ERISA's notification requirements, such as by sending an inadequate benefits termination or denial letter. See, e.g., Counts v. American Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997) (collecting other cases); Challenger v. Local Union No. 1 of the Int'l Bridge, Structural, & Ornamental Ironworkers, ALF-CIO, 619 F.2d 645, 648 (7th Cir. 1980). But such is clearly not the case here – the defendant-Plans never sent Recklein any sort of eligibility determination letter (inadequate or otherwise) *because*, once again, Recklein never tried to enroll in the first place. Authorizing an out-of-time administrative appeal in these circumstances would defeat the whole purpose of the exhaustion requirement as it would reward Recklein for simply sitting on her hands and ignoring the very administrative procedures she has been told she must exhaust.[2]

That leaves Count VII, in which Recklein alleges she had a permanent oral employment contract with the defendant-employers for a fixed term from December 18, 1996 until November 30, 1997, and that they breached the contract when they terminated her on April 1, 1997. As an initial matter, the court finds this claim is not preempted by ERISA because it does not "relate to," refer to, or depend in any way on an interpretation of, an ERISA plan, but is instead based solely on the nature of her employment relationship. See 29 U.S.C. § 1144(a); Cf. California Div. of Labor Standards Enforcement v. Dillingham Constr., Inc., 519 U.S. 316, 324 (1997); Rice v. Panchal, 65 F.3d 637, 644 (7th Cir. 1995). That aside, Recklein's first problem is that she admits she was never terminated. Rather, Recklein quit on April 1, 1997, because (according to her) the defendant-employers refused to provide her health benefits. No matter the reason she resigned, it is difficult to understand why Recklein believes she can hold the defendant-employers liable for prematurely terminating her when, by her own admissions, they did not in fact fire her. Even so, Recklein has not established the basic elements of a fixed term employment contract.

To rebut the presumption of at-will employment in Illinois and establish an oral employment contract, Recklein must present sufficient evidence of (1) a clear and definite promise and (2) adequate consideration. See McInerney v. Charter Golf, Inc., 680 N.E.2d 1347, 1349 (Ill. 1997); Kalush v. Deluxe Corp., 171 F.3d 489, 492 (7th Cir. 1999). Recklein's claim falters at both steps. Recklein says her employment was to last for the duration of Centegra/Horizon's agreement to provide nursing services at the McHenry County Jail, which expired on November 30, 1997. (LR 56.1(b) ¶¶ 30, 31) Yet she admitted in her deposition that she also understood the defendant-employers were "free to terminate [her] employment so long as it wasn't for an illegal reason," such as her race or sex. (Def. Exh. A, Recklein dep., pp. 30-31) In the face of this admission, the court finds Recklein has presented insufficient evidence that the defendant-employers made a "clear and definite" promise to employ her until November 30, 1997. See Kalush, 171 F.3d at 492. Moreover, Recklein has completely failed to introduce any evidence at all that such a promise was supported by consideration on her part, such as foregoing a more lucrative job offer. Cf. McInerney, 680 N.E.2d at 1350.

For the reasons stated above, defendants' motion for summary judgment is granted. Counts I - VI(B) are dismissed without prejudice and Count VII is dismissed with prejudice. Defendants' motion to strike is denied as moot.

---

[1] Recklein mislabeled the seventh count as a second Count VI and the eighth count as Count VII. Like defendants, the court will refer to the first Count VI as Count VI(A) and the second Count VI as Count VI(B).

[2] In Count VI(B), Recklein alleges defendants should be estopped from denying she is a participant in the Plans because of oral representations made to her during the course of her employment. This perhaps explains Recklein's inaction in not applying for coverage and the court was rather surprised Recklein failed to address this claim at all in her response brief, especially in light of Miller v. Taylor Insulation Co., 39 F.3d 755 (7th Cir. 1994). In Miller, the Seventh Circuit strongly suggested (albeit in dicta) it would apply the doctrine of promissory estoppel to *oral* (as opposed to written) assurances made by a defendant-employer to a former employee that he was a participant in an ERISA plan (as opposed to oral assurances concerning the plan's coverage of particular medical procedures). See id. at 758-59. It seems Miller would apply to Count VI(B) and the court was equally surprised by defendants' failure to cite it as well, at least for purposes of somehow distinguishing it. In any event, Miller may act as a useful catalyst to the parties for settling this dispute outside of court, rather than engaging in any further costly litigation.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

**DOCKETED**
**SEP 2 0 2001**

Sandra Recklein

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 99 C 50113

Horizons Behavioral Health, LLC, et al.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. Counts I-VI(B) are dismissed without prejudice and Count VII is dismissed with prejudice. Defendants' motion to strike is denied as moot.

This case is hereby dismissed in its entirety. All prior orders are now final and appealable.

FILED-WD
01 SEP 20 PM 3:08
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 9/20/2001

Susan M. Wessman, Deputy Clerk